**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
        Of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PENDLETON DIVISION

**JOHN DOE**,

      Plaintiff,

v.

**STATE OF OREGON**; **NICOLE MORGAN,** and **MELISSA AGUILAR**,

      Defendants.

Case No. 2:22-cv-550

**COMPLAINT**

Plaintiff alleges as follows:

1.      Plaintiff John Doe, an inmate in the Oregon Department of Corrections (ODOC), then housed at Two Rivers Correctional Institution (TRCI), was sexually abused by defendant Nicole Morgan, Plaintiff's counselor and a behavioral health specialist employed by ODOC. Plaintiff is a vulnerable person and suffers from mental health disorders and is on the ODOC

PAGE 1 – COMPLAINT

behavioral health case load. Plaintiff suffered from multiple suicide attempts as a result of the emotional distress caused by being sexually abused by his counselor.

2.  Defendants Nicole Morgan and Melissa Aguilar violated Plaintiff's federal constitutional rights to not be subjected to sexual abuse while incarcerated.

3.  Defendant Aguilar violated Plaintiff's federal constitutional rights to not be retaliated against for requesting mental health care and treatment.

4.  Defendant State of Oregon violated plaintiff's rights under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. Defendant State through its employees further violated plaintiff's rights under the Vulnerable Persons Act and committed common law battery.

5.  Plaintiff seeks compensatory and punitive damages, as well as attorney fees and costs as set forth below.

## PARTIES

6.  Plaintiff John Doe was at all times relevant an inmate at TRCI.

7.  Defendant State of Oregon administers ODOC, which owns and operates TRCI.

8.  Defendant Nicole Morgan was a behavioral health specialist at TRCI.

9.  Defendant Melissa Aguilar was and BHS counselor and the BHS lead at TRCI.

## JURISDICTION & VENUE

10. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction, and pursuant to 28 U.S.C. §1343(a)(3) and (4), civil rights jurisdiction.

11. Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District and Defendants were employed by ODOC in TRCI, which are located in Umatilla County.

## GENERAL FACTUAL ALLEGATIONS

12. In the beginning of 2020, Plaintiff was moved from Snake River Correctional Institution to TRCI. At TRCI, Plaintiff was given a job in the medical services. About a month after arriving at TRCI, in March or April 2020, Defendant Morgan pulled Plaintiff from his unit for a BHS evaluation. During the evaluation Morgan flirted with Plaintiff and offered to help him and stated that she would see him every week.

13. Morgan would pull Plaintiff out of his cell for at least once a week to meet with her in corridor 2, where she had a private office. She would arrange these meeting to occur when the adjoining offices were empty. On the second visit, Morgan made sexual comments to Plaintiff and insinuated that she would have sex with him if they met. Morgan used plaintiff's status as an inmate on the BHS caseload and a vulnerable person to coerce him into an illegal and inappropriate sexual relationship.

14. For several months, Morgan arranged numerous secret encounters with Plaintiff and had sexual intercourse with him. These encounters occurred in her office, in health services where plaintiff worked, and in the clothing room on the unit where plaintiff lived. Members of staff, including Aguilar, were aware that Morgan was having sexual intercourse with Plaintiff.

15. In November 2020, Morgan began as pattern of cutting off and then resuming sexual relations with Plaintiff. She would stop interacting with him and ignore his requests for mental health treatment. Then she would reinitiate contact and resume having sexual intercourse with him.

16. Plaintiff continued reaching out to her because he needed a counselor for his serious mental health issues. Morgan said she did not want to be his counselor any longer and dropped Plaintiff's level from a BHS level 2 to a 1. While he was a BHS level 2, he could

receive certain services, such as counseling and medications. Plaintiff requested to speak with BHS after his little brother and other family members died. None of the BHS counselors would see him. Plaintiff needed mental health treatment and his condition deteriorated because he was not receiving treatment or mental health care.

17. On June 25, 2021, Plaintiff attempted suicide. He was transported to the hospital for treatment as a result. A week and a half later, Morgan started seeing Plaintiff again and told him that she would "be there for him."

18. After several weeks passed, Morgan again broke off relations and counseling with Plaintiff. Plaintiff told staff that he was having suicidal ideation and was placed on suicide watch three times. Despite his obvious need for treatment and mental health care following a suicide attempt, BHS staff told him that he did not meet criteria for BHS (as a level 1) and refused to provide him with treatment or mental health care. Doing so placed him at obvious risk of attempting suicide again. When plaintiff told Aguilar that he needed treatment to avoid further suicide attempts, she told him that she would "write him up for extortion" if he requested BHS again for suicidal ideation.

19. On August 9, 2021, Plaintiff attempted suicide again.

20. Approximately 3-4 weeks after his August suicide attempt, Morgan started giving plaintiff photographs of herself and a phone number, and began texting with Plaintiff on the tablets available at the institute. They began seeing each other again and resumed having sexual intercourse.

21. At some point in August or September, Morgan was investigated by ODOC staff, suspended, and then later fired. On September 10, 2021, Plaintiff cell was searched.

## COUNT I

**(42 U.S.C. § 1983 – Eighth Amendment – Sexual assault)**

**(against MORGAN)**

22. Plaintiff re-alleges all previous relevant paragraphs as if fully stated herein.

23. Morgan was an ODOC employee and Plaintiff was a person "[c]onfined or detained in a correctional facility[.]" As such, by having sexual intercourse with Plaintiff, Morgan violated Or. Rev. Stat. § 163.452 (Custodial sexual misconduct in the first degree) which is a class C felony.

24. By sexually assaulting Plaintiff, defendant Morgan violated Plaintiff's well-established Eighth Amendment Rights under the U.S. Constitution.

25. Defendant Morgan caused Plaintiff mental, emotional, and physical injuries. Plaintiff seeks compensatory damages to redress these injuries.

26. Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights. Defendant Morgan should be assessed punitive damages in an amount fixed by a jury to punish her and to deter such conduct in the future.

27. Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT II

**(42 U.S.C. § 1983 – Eighth Amendment – Failure to Protect)**

**(against MORGAN and AGUILAR)**

28. Plaintiff re-alleges all previous relevant paragraphs as if fully stated herein.

29. By failing to protect Plaintiff from sexual assault, defendant Aguilar violated Plaintiff's Eighth Amendment Rights under the U.S. Constitution.

30. Defendants Morgan and Aguilar conspired to deprive Plaintiff of mental health

care and treatment in order to conceal the fact that Morgan was having illegal and inappropriate sexual relations with Plaintiff. Defendants Morgan and Aguilar failed to protect Plaintiff by ignoring a serious and obvious medical need—suicidal ideation—which led to severe emotional distress and multiple suicide attempts.

31. Defendant Aguilar caused Plaintiff mental, emotional, and physical injuries. Plaintiff seeks compensatory damages to redress these injuries.

32. Defendants' acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights. Defendants should be assessed punitive damages in an amount as fixed by a jury to punish them and to deter such conduct in the future.

33. Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT III

**(42 U.S.C. § 1983 – First Amendment – Retaliation for Protected Speech)**

**(against AGUILAR)**

34. Plaintiff re-alleges all previous relevant paragraphs as if fully stated herein.

35. By threatening Plaintiff with discipline for requesting mental health care and treatment, Defendant Aguilar violated Plaintiff's First Amendment well-established rights under the Constitution of the United States.

36. Defendant Aguilar caused Plaintiff mental, emotional, and physical injuries, as well as First Amendment injuries. Plaintiff seeks noneconomic damages to redress these injuries.

37. Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights. Defendant should be assessed punitive damages in an amount fixed by a jury to punish her and to deter such conduct in the future.

38. Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT IV

### (Battery)

### (Against STATE)

39. Plaintiff realleges and incorporates all relevant paragraphs as though fully set forth herein.

40. Defendant through its employee defendant Morgan acting within the course and scope of her employment caused harmful and offensive contact with Plaintiff on multiple occasions, to wit, sexual assault.

41. As a result of the above-described battery, plaintiff suffered severe emotional distress, including anxiety, fear, and humiliation, all to his noneconomic damage, in an amount to be determined fair by a jury.

## COUNT V

### (Or. Rev. Stat. § 124.105 - Vulnerable Persons Act)

### (Against STATE)

42. Plaintiff realleges and incorporates all relevant paragraphs as though fully set forth herein.

43. At all material times, Plaintiff was a vulnerable person in that he was a "financially incapable person" and "a person with a disability who is susceptible to force, threat, duress, coercion, persuasion or physical or emotional injury because of the person's physical or mental impairment." Plaintiff was unable to manage his financial resources effectively by virtue of his confinement.

44. Defendant State's action constituted physical abuse of Plaintiff by sexually abusing him. This violated Or. Rev. Stat. § 124.105. As a result of this sexual abuse, Plaintiff

suffered severe emotional distress, including anxiety, fear, and humiliation.

45. Pursuant to Or. Rev. Stat. § 124.100(2)(b), Plaintiff is entitled to damages in an amount equal to three times all his non-economic damages, in an amount to be determined fair by a jury.

46. Pursuant to Or. Rev. Stat. § 124.100(2)(a), Plaintiff is entitled to three times all his economic damages resulting from the physical abuse of Plaintiff or $500.00, whichever is greater.

47. Pursuant to Or. Rev. Stat. § 124.100(2)(c), Plaintiff is entitled to his reasonable attorney fees and costs.

## COUNT VI

### (Americans with Disabilities Act – Title II of the ADA)

### (Against STATE)

48. Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

49. Defendant State is a "public entity" under 42 U.S.C. § 12131(1)(B).

50. Plaintiff suffers from mental health disabilities that interfere with his major life activities, including suicidal ideation.

51. Plaintiff is a "qualified individual with a disability." At all relevant times, Defendant was aware of Plaintiff's disability.

52. Defendant State damaged Plaintiff in violation of 42 U.S.C. §12132 and its accompanying regulations by outright denying Plaintiff mental health services and treatment.

53. Defendant State harmed Plaintiff by failing to provide him with its services as alleged above.

54. Defendant State acted with deliberate indifference to Plaintiff's rights and thus

Plaintiff is entitled to money damages.

55. Plaintiff is entitled to injunctive relief, including, but not limited to, an order prohibiting Defendant State from discriminating against plaintiffs and other persons with disabilities and an order mandating full compliance with Title II of the ADA.

56. Plaintiff is entitled to a declaration that the Defendant violated Title II of the ADA.

57. Pursuant to 42 U.S.C. §§ 1988 and 2000e-5, Plaintiff is entitled to an award of attorney's fees, expert witness fees, and costs incurred.

## COUNT VII

### (Section 504 of the Rehabilitation Act of 1973)

### (Against STATE)

58. Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

59. Plaintiff is a qualified individual with a disability or handicap under the Rehabilitation Act.

60. Plaintiff is otherwise qualified to receive the benefit of the services made available to other inmates at TRCI.

61. At all times material, Defendant was and is a recipient of federal financial assistance for its programs and activities.

62. Defendant State's actions and omissions as described above violated Plaintiff's rights under the Rehabilitation Act by excluding them or denying them the benefits of Defendant State's services because of his disability.

63. Plaintiff is entitled to injunctive relief, including, but not limited to, an order prohibiting Defendant State from discriminating against Plaintiff and other persons with

disabilities and an order mandating full compliance with Section 504 of the Rehabilitation Act.

64. Pursuant to Section 505 of the Rehabilitation Act, Plaintiff is entitled to compensatory damages and an award of attorney fees and costs.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment granting him:

a) An award of compensatory damages in a sum that is just as determined by a jury;

b) An award of punitive damages in a sum that is just as determined by a jury;

c) Equitable relief;

d) Treble damages;

e) Plaintiff's costs and attorney fees in this suit; and

f) Any additional relief this court deems just, proper, and equitable.

**Plaintiff requests a trial by jury on all matters so triable.**

DATED: April 12, 2022

**Law Offices of Daniel Snyder**

*s/ John Burgess*
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Of Attorneys for Plaintiff